

**FILED**

97 MAR 31  PM 1:35

U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

JAMIE BELL,                               )
AIS # 168174                              )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )        Case No. CV-95-PT-2343-M
                                          )
RON SUTTON; A.L. GARRETT;                 )
JULIAN VARNER; STEVE HICKS;               )
RICHARD CARTER; RODNEY                    )
HUNTLEY, ABBIE TRAYWICK;                  )
CARL SANDERS, JAMES BURTON;               )
JIMMY WILSON; DANNY WILLIAMS;             )
WALTER RODGERS; BILLY                     )
CORNIELSON; THOMAS MARTIN;                )
FRANK MICKENS; WARREN SMITH;              )
OFFICER SCOTT; JOHN KONKOL;               )
DEREK DOVER; OFFICER MASHBURN;            )
JOHN BISHOP; STEPHEN TISH;                )
OFFICER CANAS; OFFICER                    )
CHAPMAN; CLYDE STONE; OFFICER             )
BATTLES; and JAMES BROWN,                 )
                                          )
            Defendants.                   )

**ENTERED**

**MAR 3 1 1997**

### MEMORANDUM OPINION

In his *pro se* complaint, plaintiff named as defendants Acting Warden Ron Sutton, Deputy

Warden A.L.Garrett, Captain Julian Varner, Lieutenant Steve Hicks, Lieutenant Richard Carter,

Lieutenant Rodney Huntley, Sergeant Abbie Traywick, Sergeant Carl Sanders, Officer James Burton,

Officer Jimmy Wilson, Officer Danny Williams, Officer Walter Rodgers, Officer Billy Cornielson,[1]

Officer Thomas Martin, Officer Frank Mickens, Officer Warren Smith, Officer Scott, Officer John

---

[1] The correct spelling of this defendant's name is Billy Cornelison.



Konkol, Officer Derek Dover, Officer Mashburn, Officer John Bishop, Officer Stephen Tish, Officer Canas, Officer Chapman, Officer Clyde Stone, Officer Battles, and Officer James Brown. The court entered an order for special report directing that copies of the complaint in this action be forwarded to each of the named defendants and requesting that they file a special report responding to the factual allegations of the complaint. The copies of the complaint and the order for special report sent to Officer Frank Mickens pursuant to the court's order were returned to the court by the United States Post Office. The following notations were on the envelope: "Returned to Sender, Unclaimed - No longer employed - No Fwdg Address." On September 28, 1995, the court entered an order directing plaintiff to supply the court with Officer Mickens' correct address within fifteen (15) days. This order also informed plaintiff that the failure to supply Officer Mickens' address could result in Officer Mickens being dismissed from the action. Although plaintiff filed a request for production seeking the home address of Officer Mickens, he has not supplied this court with Officer Mickens' correct address. Consequently, the claims against Officer Mickens are due to be DISMISSED WITHOUT PREJUDICE. *See* FED. R. CIV. P. 4(m).

On December 18, 1995, defendants filed their special report attaching pertinent documents and the affidavits of defendants Brown, Dover, Bishop, Burton, Garrett, Carter, Sutton, Tish, Hicks, Sanders, Williams, Smith, Rodgers, Huntley, Konkol, Traywick, Cornelison, Wilson, and Varner. By order of December 21, 1995, the parties were notified that the special report filed by the defendants would be construed as a motion for summary judgment, and the plaintiff was notified of the provisions and consequences of Rule 56 of the *Federal Rules of Civil Procedure*. Plaintiff filed a response on December 22, 1995.

On June 26, 1996, plaintiff filed a motion for default judgment against defendants Canas, Chapman, Martin, Mashburn, Mickens, and Battles, asserting that these defendants "are in default

for failure to plead or file the[ir] special report." While it is true that Officers Canas, Chapman, Martin, Mashburn, and Battles have not filed affidavits in this action, the special report was filed in their behalf and the propriety of summary judgment on the claims against them can be resolved without their affidavits. As for Officer Mickens, as was discussed above, plaintiff has not provided the court with Officer Mickens' correct address and the claims against him are due to be dismissed without prejudice. Plaintiff's motion for default judgment against defendants Canas, Chapman, Martin, Mashburn, Battles, and Mickens is therefore due to be DENIED.

An appropriate order will be entered.

Done this the 2 8 day of March, 1997.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE